# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Alex Rahmi,**
**Plaintiff Below, Petitioner**

**vs)    No. 18-0533** (Jefferson County 17-C-201)

**Pill & Pill, PLLC,**
**Defendant, Respondent**

**FILED**

**September 3, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Alex Rahmi, pro se, appeals the May 17, 2018, order of the Circuit Court of Jefferson County dismissing an action, in which he sought an injunction to prevent the completion of the foreclosure sale of his residential property located at 638 Marlow Road, Charles Town, West Virginia. Respondents Pill & Pill, PLLC ("Pill & Pill"), Bank of New York Mellon Trust Company, National Association (f/k/a The Bank of New York Trust Company, N.A.) ("bank"), and R & D Investments, LLC ("R & D"), by counsel J. Mark Sutton, Christopher A. Dawson, and Abraham M. Ashton, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner's residential property, located at 638 Marlow Road, Charles Town, West Virginia, was sold at a foreclosure sale in August of 2017. Pill & Pill served as the trustee that sold the property. The Bank was the holder of the deed of trust. R & D purchased the property at the foreclosure sale. Collectively, these entities will be referred to as "respondents."

On February 21, 2012, petitioner filed a bankruptcy action pursuant to Chapter 11 of the United States Bankruptcy Code.[1] On February 28, 2014, the bankruptcy trustee filed a motion

---

[1]We take judicial notice of the record from petitioner's bankruptcy in the United States Bankruptcy Court of the Northern District of West Virginia, Case No. 12-bk-200. We note that, in ruling on a motion to dismiss, a court is permitted to "consider matters that are susceptible to judicial notice." *See Forshey v. Jackson*, 222 W. Va. 743, 747, 671 S.E.2d 748, 752 (2008) (Internal quotations and citations omitted).

1

pursuant to 11 U.S.C. § 1112(b) to convert petitioner's Chapter 11 bankruptcy into a Chapter 7 bankruptcy following petitioner's settlement of a Canadian court action for approximately $170,000 without court approval and his failure to adequately disclose and account for the settlement proceeds. By order entered May 16, 2014, the United States Bankruptcy Court of the Northern District of West Virginia ("bankruptcy court") granted the trustee's motion and converted petitioner's bankruptcy into one under Chapter 7. The bankruptcy trustee subsequently filed a motion for summary judgment on the trustee's claim that petitioner should be denied a discharge of his debts, and by order entered August 24, 2015, the bankruptcy court ruled that petitioner's debts would not be discharged. In denying petitioner a discharge, the bankruptcy court found that he intentionally transferred and concealed the settlement proceeds from the Canadian action. *See In Re Rahmi*, 535 B.R. 655, 661 (Bankr. N.D. W.Va. 2015).

On September 2, 2015, the bank filed a motion to lift the bankruptcy stay so that a foreclosure proceeding could proceed against petitioner's residential property. By order entered November 24, 2015, the bankruptcy court found cause pursuant to 11 U.S.C. § 362(d)(1) for lifting the stay, finding:

> In this case, [petitioner]'s failure to perform under the contractual obligations of the loan is for an exceedingly long period of time; that is to say, five years of non-performance. Such a long and unmitigated failure to perform under the contract is sufficient to constitute independent cause to lift the stay; especially in the context of a Chapter 7 case.

In its order, the bankruptcy court noted that the bank filed the motion to lift the stay in "its capacity as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., [GMAC Mortgage] Loan Trust 2005-AR1."

On August 15, 2017, Pill & Pill sold, and R & D purchased, petitioner's property at a foreclosure sale. On August 18, 2017, petitioner filed a complaint against Pill & Pill in the Circuit Court of Jefferson County, seeking an injunction to prevent the completion of the foreclosure sale of his residential property "pending final resolution by [the] [b]ankruptcy [c]ourt[.]" By order entered August 23, 2017, the bankruptcy court denied petitioner's Rule 60(b) motion for relief from the August 24, 2015, order denying him a discharge of his debts.

On September 13, 2017, Pill & Pill filed an answer denying the allegations set forth in petitioner's complaint in the instant action. Petitioner filed amended complaints on November 17, 2017, and April 11, 2018.[2] In his second amended complaint, petitioner sought compensation "for

---

[2]While not granting petitioner leave to amend his complaint, the circuit court considered the allegations in the amended complaints in its May 17, 2018, order. We note that petitioner included none of the parties' pleadings in his appendix. Pursuant to Rule 6(b) of the West Virginia Rules of Appellate Procedure, we hereby supplement the appellate record with the August 18, 2017, complaint; Pill & Pill's September 13, 2017, answer; the November 17, 2017, amended complaint; the bank's March 29, 2018, motion to dismiss; and the April 11, 2018, amended

injuries and damages caused by [GMAC Mortgage]." On January 31, 2018, the circuit court granted motions to intervene in the action filed by the bank and R & D. Thereafter, on March 29, 2018, the bank filed a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, arguing that petitioner's "frivolous litigation" was preventing the completion of the foreclosure sale to R & D, including "the recording of a [t]rustee's [r]eport of [s]ale and [t]rustee's [d]eed." Pill & Pill and R & D joined in the bank's motion to dismiss petitioner's action.

By order entered May 17, 2018, the circuit court dismissed the instant action. The circuit court found petitioner's allegations "virtually unintelligible," but could be liberally construed as asserting a fraud claim against GMAC Mortgage, which was not a defendant in the case. The circuit court further found that petitioner failed to set forth his allegations of fraud with particularity as required by Rule 9(b) of the West Virginia Rules of Civil Procedure. Therefore, the circuit court concluded that petitioner failed to state a claim upon which relief can be granted.[3]

Rule 12(b)(6) of the Rules of Civil Procedure provides that a defendant may file a motion to dismiss for "[a] failure to state a claim upon which relief can be granted." "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In Syllabus Point 1, in part, of *Hager v. Exxon Corp.*, 161 W. Va. 278, 241 S.E.2d 920 (1978), we held that "fraud or mistake must be alleged in the appropriate pleading with particularity."

On appeal, petitioner's arguments are difficult to follow. Generally, petitioner contends that his allegations sufficiently state a fraud claim against GMAC Mortgage. Respondents argue that the circuit court properly dismissed petitioner's action for a failure to state a claim upon which relief can be granted. We agree with respondents' position and concur with the circuit court's finding that GMAC Mortgage is not a defendant in this case and, even if it were, petitioner fails to set forth his allegations of fraud with particularity. We find that, regardless of whether petitioner is seeking an injunction, money damages, or both, the claim upon which relief is sought is not sufficiently stated given the heightened standard for pleading fraud as required by Rule 9(b) and Syllabus Point 1 of *Hager. Id.* at 278, 241 S.E.2d at 921. Therefore, based on our review of the record, we conclude that the circuit court did not err in granting respondents' motion to dismiss the action.

For the foregoing reasons, we affirm the circuit court's May 17, 2018, order dismissing petitioner's action.

Affirmed.

---

complaint.

[3]Following the entry of the circuit court's May 17, 2018, order, petitioner states that he was evicted from the property on June 5, 2018.

**ISSUED:** September 3, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4